UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

M.M.,

          Plaintiff,

    v.

COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.

_____/

Case No.    1:25-cv-00476

Hon. Maarten Vermaat
U.S. Magistrate Judge

## OPINION

This opinion addresses Plaintiff's appeal of Administrative Law Judge (ALJ) Freund's decision denying Plaintiff's request for Supplement Security Income (SSI). This appeal is brought pursuant to 42 U.S.C. § 405(g).

The record before the Court demonstrates that Plaintiff suffers from the severe medically determinable impairments of left-hand amputation and long QT syndrome (heart rhythm disorder).   Plaintiff asserts that substantial evidence does not support the ALJ's finding that Plaintiff could perform a significant number of jobs in the regional or national economy.   Plaintiff's primary arguments are that the ALJ relied upon the vocational expert's (VE) testimony that Plaintiff could perform the job duties of a surveillance system monitor despite this job classification being obsolete, and the ALJ relied upon the VE's testimony that Plaintiff could perform occupations such as a storage rental facility clerk or usher, despite his limitations in pushing and pulling. The Commissioner asserts that the ALJ properly considered the VE's testimony after the VE fully explained his reasoning for testifying that Plaintiff could perform these

1

occupations with his limitations.

For the reasons stated below, the undersigned affirms the ALJ's decision.

## I.    Procedural History

### A.    Key Dates

The ALJ's decision notes that Plaintiff applied for SSI on February 7, 2022, alleging an onset date of August 28, 2021.   ECF No. 5-2, PageID.42.   Plaintiff's claim was initially denied by the Social Security Administration (SSA) on August 29, 2022. *Id*.   The claim was denied on reconsideration on February 28, 2023.   *Id*. Plaintiff then requested a hearing before an ALJ.   ALJ Freund conducted a hearing on Plaintiff's claim on March 11, 2024, and issued her decision on April 30, 2024. *Id*., PageID.42, 52.   Plaintiff filed this lawsuit on April 28, 2025.   ECF No. 1.

### B.   Summary of ALJ's Decision

The ALJ's decision correctly outlined the five-step sequential process for determining whether an individual is disabled.   (ECF No. 5-2, PageID.43-44.)

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity (SGA) since February 7, 2022.   *Id*., PageID.44.

At Step Two, the ALJ found that the Plaintiff had the following severe impairments:   left hand amputation and long QT syndrome.   *Id*.   The ALJ discussed a number of non-severe impairments, including right eye vision loss, depression, and substance abuse.   *Id*., PageID.44-45.   The ALJ also discussed the Paragraph B criteria, finding no limitations generally, but mild limitations in his ability to concentrate, persist, and maintain pace.   *Id*., PageID.45-46.

At Step Three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.*  The ALJ specifically commented on the impairments listed in 1.18 (abnormality of a major joint), 1.20 (amputation), 4.05 (recurrent arrhythmias).  *Id.*, PageID.44-45.

Before going on to Step Four, the ALJ found that the Plaintiff had the following RFC:

> to perform light work as defined in 20 CFR 416.967(b) except he can lift or carry 20 pounds occasionally, 10 pounds frequently with his right dominant upper extremity; stand or walk for at least six hours in an eight-hour workday; sit for at least six hours in an eight-hour workday; pushing and pulling with the left non-dominant upper extremity is precluded; never climb ladders, ropes, or scaffolds; never crawl; never handle, finger, or feel with the left, non-dominant, upper extremity; reaching with the left, non-dominant, upper extremity could be performed and used as a helper arm; occasionally climb ramps and stairs; occasionally stoop, kneel, or crouch; should avoid all exposure to unprotected heights, extreme cold, extreme heat, excessive humidity, working around hazards and hazardous machinery, operational control of moving machinery including no commercial driving, and working around moving mechanical parts; and no work requiring depth perception.

*Id.*, PageID.47.

At Step Four, the ALJ found that Plaintiff had no Past Relevant Work (PRW). *Id.*, PageID.50.

At Step Five, the ALJ considered the Plaintiff's age, education, work experience and RFC and concluded that a significant number of jobs exist that Plaintiff could perform.  *Id.*  The ALJ found that Plaintiff could work in jobs such as a storage facility rental clerk (58,000 jobs), usher (4,200 jobs), or surveillance

monitor (17,000) jobs in the national economy.   *Id.*, PageID.51.

## II.    Standard of Review

Review of an ALJ's decision is limited to two issues: (1) "whether the ALJ applied the correct legal standards," and (2) "whether the findings of the ALJ are supported by substantial evidence."   *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 420 (6th Cir. 2014) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); 42 U.S.C. § 405(g).   The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility.   *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and the Commissioner's findings are conclusive provided they are supported by substantial evidence.   42 U.S.C. § 405(g).

Substantial evidence is defined as more than a mere scintilla of evidence but "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion."   *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991).   In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and whatever evidence in the record fairly detracts from its weight.   *Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984) (citations omitted).   The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference.   *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).   This standard affords the administrative decision

maker considerable latitude and acknowledges that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

## III.    Analysis

Plaintiff argues that the ALJ's decision is flawed because the jobs that the VE identified – storage facility rental clerk, usher, and surveillance monitor – are inappropriate.   Plaintiff argues that the storage facility rental clerk and usher jobs require frequent or occasional handling, which prohibits Plaintiff from performing those jobs, and the surveillance monitor job is obsolete.

At step five, the burden shifts to the Commissioner to show "a significant number of jobs in the economy that accommodate the claimant's [RFC] (determined at step four) and vocational profile." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation marks omitted).   The Sixth Circuit has affirmed that an ALJ may satisfy his or her step-five burden through VE testimony and/or reliable sources such as the DOT.   *See Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 562–63 (6th Cir. 2022), *cert. denied sub nom. Moats v. Kijakazi*, 143 S. Ct. 785 (2023) (holding that the VE's testimony amounted to substantial evidence because the VE was a "well-credentialed" expert, and the VE's testimony that the Plaintiff could perform a number of available jobs was consistent with the DOT);   *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313, 318 (6th Cir. 2020) ("Because the DOT continues to be recognized as a source of reliable job information and O'Neal did not cross-examine the vocational expert when he had the opportunity, the vocational

5

expert's testimony constitutes substantial evidence to support the ALJ's finding that O'Neal was able to perform work that existed in significant numbers in the national economy."); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010) (an ALJ may rely on evidence such as testimony of a VE and the DOT); *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606–07 (6th Cir. 2009) (holding that the ALJ's reliance on the VE's "uncontradicted, credible testimony" was substantial evidence supporting the ALJ's conclusion that the plaintiff was not disabled).

When an ALJ relies on VE testimony, the ALJ must either ensure that it does not conflict with the DOT or obtain a reasonable explanation for any such conflict. SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000); *Lindsley*, 560 F.3d at 603.   Once the VE confirms that his or her testimony does not conflict with the DOT, the ALJ is under no obligation to question the VE further to determine that the testimony was correct. *Id.* at 606 (citing *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006) ("Nothing in S.S.R. 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct.")).

As an initial matter, during the hearing the VE affirmed that if he gave an opinion that conflicts with the DOT he would advise the ALJ and provide the basis for his opinion.   ECF No. 5-2, PageID.96.

Plaintiff argues that the Court should use "common sense" and remand this case based upon the holding in *Cunningham v. Astrue*, 360 F. App'x 606 (6th Cir. 2010), because the VE relied upon an obsolete job description from the DOT.   More

6

recently, in *O'Neal*, the Sixth Circuit rejected a similar challenge to the one Plaintiff raises here, which asserted that the VE's testimony was unreliable because it was unlikely that a job described in the DOT currently existed in significant numbers in the national economy.  The Sixth Circuit court affirmed that "the DOT data can establish the existence of jobs in the national economy in significant numbers." *O'Neal*, 799 F. App'x at 317.  The Court also observed that the Social Security Administration's regulation did not list the O*Net as a reliable source for adjudicating disability claims.  *Id*.  The court found that the ALJ satisfied all requirements by relying on vocational testimony that was consistent with the DOT. Moreover, the court noted that the plaintiff failed to cross-examine the VE on the issue.  *Id*. at 318; *see also Dennison v. Berryhill*, No. 17-CV-1059, 2019 WL 2088506, at *9 (W.D. N.Y. May 13, 2019) (rejecting the plaintiff's argument that the job listings in the DOT were obsolete and outdated and noting that Social Security Administration regulations do not identify the O*NET as an approved source upon which an ALJ may rely).

During the hearing, Plaintiff's counsel cross-examined the VE.  The VE testified that "surveillance system monitors . . . are used in supermarkets, grocery stores and apartment building and anywhere, you know, in malls and there are a lot more people doing these jobs, just observing people that might be stealing."  ECF No. 5-2, PageID.100.  The VE further testified that based upon his experience, an individual with one hand could perform the job of usher or storage rental clerk.  *Id*., PageID.99-100, 105-107.  The ALJ further explained in her decision:

Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the *Dictionary of Occupational Titles*. Although the limitations in the residual functional capacity including use of single upper extremity and climbing variations are not found in the *Dictionary of Occupational Titles* or its companion publications and therefore SSR 00-4p is not applicable, the vocational expert testified that the representative occupations identified could be performed with the limitation(s). In addition, the undersigned relies on the vocational expert's documented qualifications in accepting the opinion about issues that are not specifically addressed in the *Dictionary of Occupational Titles* or its companion publications.

ECF No. 5-2, PageID.51. The ALJ did not err in relying on the VE's testimony finding that a substantial number of jobs existed in the national economy that Plaintiff could perform.

## IV.    Conclusion

Accordingly, the Court affirms the decision of the Commissioner because the ALJ did not commit legal error, and substantial evidence exists to support the ALJ's decision.

Dated:    July 29, 2026                    /s/ *Maarten Vermaat*
                                                        MAARTEN VERMAAT
                                                        U.S. MAGISTRATE JUDGE

8